IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>RUSTY A. SCHLACKE and<br>LORI R. SCHLACKE,<br><br>Debtors. | Chapter 7 Bankruptcy<br>Case No. 20-00513<br><br>Adversary Case No. _____ |
| RENEE HANRAHAN, in her sole capacity as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>PEGGY KNOLL, in her sole capacity as Trustee of the Alice Gretchen Wacker Schlacke Irrevocable Trust and the Alice Gretchen Wacker Schlacke Irrevocable Trust,<br><br>Defendants. | **COMPLAINT TO AVOID<br>FRAUDULENT TRANSFER** |

COMES NOW, Trustee Renee Hanrahan (the "*Chapter 7 Trustee*") by and through her counsel, and, in support of this Complaint to Avoid Fraudulent Transfer pursuant to 11 U.S.C. § 548 and § 544 (Iowa Code 648) states as follows:

1. This Complaint concerns a fraudulent transfer from the Debtor Rusty Schlacke ("*Rusty*") to his sister Peggy Knoll the Trustee of the Alice Gretchen Wacker Schlacke Irrevocable Trust ("*Defendants*").

**JURISDICTION, VENUE & STANDING**

2. The Debtors filed a Chapter 7 bankruptcy petition (the "*Bankruptcy Petition*") with this Court on April 16, 2020.

1

3. The Defendant Peggy Knoll is a resident of Prescott, Arizona. This court has personal jurisdiction pursuant to Fed. R. Bankr. Proc. 7004.

4. This Court has subject matter jurisdiction over this Complaint by operation of 28 U.S.C. §§1334 and 157, 11 U.S.C §§544, 548, 550 and 551 and Fed. R. Bankr. Proc. 7001.

5. The Chapter 7 Trustee has standing to file this complaint under 11 U.S.C. §550.

6. Venue is proper in this Court and District pursuant to 28 U.S.C. §1409.

7. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) & (H).

8. To the extent, if at all, that this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of a final judgment and a rendition of legal conclusion by this Court.

## FACTS AND LEGAL ARGUMENT

9. Rusty's mother, Alice G. Schlacke, ("*Alice*") established the Alice Gretchen Wacker Schlacke Irrevocable Trust on or around June 6, 2019.

10. Alice passed away on or around January 19, 2020.

11. Rusty received approximately $10,000 in life insurance and other payable on death benefits (the "*Inherited Funds*") after Alice's death.

12. Shortly afterwards, the Defendant Peggy Knoll instructed Rusty to sign over the Inherited Funds to her to pay for Alice's funeral expenses (the "*Funeral Expenses*").

13. Rusty signed over the Inherited Funds to the Defendants (the "*Inherited Funds Transfer*") even though there were sufficient funds to pay for the Funeral Expenses.

14. The Debtors did not list the Inherited Funds Transfer on their Bankruptcy Schedules. The Inherited Funds Transfer was only recently discovered through extensive investigation by the Chapter 7 Trustee's counsel.

**The Inherited Funds Transfer was A Fraudulent Transfer under the Bankruptcy Code (11 U.S.C. § 548(a)(1)(B)) and Iowa's Uniform Fraudulent Transfer Act (Iowa Code § 684).**

15. Under Iowa law, a decedent's estate is liable for payment of funeral and burial expenses. *See* Iowa Code § 633.425.

2

16. Payable on death accounts are not part of a decedent's estate, but become the personal property of a designated beneficiary upon the grantor's death pursuant to contract. *See In re Estate of Myers* 825 N.W.2d 1, 6–7 (Iowa 2012).

17. Rusty had no obligation to transfer the Inherited Funds (his personal property) to the Defendants to pay for the Funeral Expenses.

18. Accordingly, Rusty did not receive reasonably equivalent value in exchange for the Inherited Funds Transfer. *See* 11. U.S.C. § 548(a)(1)(B)(i); Iowa Code 684.4; *also In re Schaffer* 331 B.R. 401, 418–19 (Bankr. N.D. Iowa) (consideration, such as love and affection, having no utility from a creditor's viewpoint does not satisfy statutory definition of "value").

19. Upon information and belief, Rusty was insolvent at the time of the Inherited Funds Transfer or became insolvent as a result of the transfer and could not reasonably believe he could pay his debts when due. *See* 11. U.S.C. §548(a)(1)(B)(i)(I); Iowa Code §684.4. Shortly after the Inherited Funds Transfer, the Debtors filed for bankruptcy, and scheduled $247,156 in assets and $273,727 in liabilities. *See* Bankruptcy Petition, Statement of Financial Affairs Summary.

20. The Inherited Funds Transfer also benefited the Defendants, who are insiders. *See* 11. U.S.C. § 548(a)(1)(B)(i)(IV).

21. Accordingly, the Chapter 7 Trustee is entitled to recover the value of the Inherited Funds Transfer from the Defendants by operation of 11 U.S.C. §§550 and 551.

22. In filing this Complaint, the Chapter 7 Trustee hereby reserves and does not forgo any other claim, right, argument, or action for recovery against the Debtor or any other person or entity, including the Defendants.

WHEREFORE, the Chapter 7 Trustee respectfully prays that this Court, upon such notice and hearing as it may direct, enter judgment against the Defendants pursuant to 11 U.S.C. §548 by:

- A. Ordering Defendants to turnover to the Chapter 7 Trustee the full amount of Inherited Funds that were signed over to her (approximately $10,000); and
- B. Ordering any additional relief that the Court finds just and equitable under the circumstances.

/s/ Stephen Larson

Stephen B. Larson, AT0014154
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
slarson@SPMBLAW.com
ATTORNEY FOR CHAPTER 7 TRUSTEE

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 18th day of September, 2020 the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties below.

/s/ *Stephen Larson*

Derek Hong
Renee Hanrahan
U.S. Trustee

**Certificate of Service**

The undersigned hereby certifies, under penalty of perjury, that the forgoing document was mailed via the United States mail with postage fully paid on the 18th day of September 2020 to the parties listed below:

/s/ [signature]

Peggy Knoll
Trustee for the Alice Gretchen Wacker Schlacke Irrevocable Trust
PO Box 9037
Prescott, AZ 86313

RHTE Schlacke Pleadings Drafts Adversary Complaint against Peggy Knoll.091820.308p.sbl

4