IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>RUSTY A. SCHLACKE and<br>LORI R. SCHLACKE,<br><br>Debtors. | Chapter 7 Bankruptcy<br>Case No. 20-00513<br><br><br>Adversary Case No. 20-09046 |
| RENEE HANRAHAN, in her sole capacity<br>as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>PEGGY KNOLL, in her sole capacity as<br>Trustee of the Alice Gretchen Wacker<br>Schlacke Irrevocable Trust and<br>the ALICE GRETCHEN WACKER<br>SCHLACKE IRREVOCABLE TRUST,<br><br>Defendants. | **AMENDED COMPLAINT TO AVOID<br>FRAUDULENT TRANSFER** |

COMES NOW Trustee Renee Hanrahan (the "*Chapter 7 Trustee*") by and through her counsel and in support of this Amended Complaint to Avoid Fraudulent Transfer pursuant to 11 U.S.C. §548 and §544 (Iowa Code §684) states as follows:

1.     This Amended Complaint concerns a fraudulent transfer from the Debtor Rusty Schlacke ("*Rusty*") to his sister Peggy Knoll ("*Knoll*") the Trustee of the Alice Gretchen Wacker Schlacke Irrevocable Trust (the "*Alice Trust*") (the Alice Trust and Knoll in her capacity as Trustee, the "*Defendants*"). A redline comparison to the original Complaint is attached hereto as Exhibit A.

1

## JURISDICTION, VENUE & STANDING

2.       The Debtors filed a Chapter 7 bankruptcy petition (the "***Bankruptcy Petition***") with this Court on April 16, 2020.

3.       The Alice Trust was established under the laws of Iowa. Knoll is a resident of Prescott, Arizona. This court has personal jurisdiction pursuant to rule 7004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

4.       This Court has subject matter jurisdiction over this Complaint by operation of 28 U.S.C. §§1334 and 157, 11 U.S.C §§544, 548, 550 and 551 and Bankruptcy Rule 7001.

5.       The Chapter 7 Trustee has standing to file this complaint under 11 U.S.C. §550.

6.       Venue is proper in this Court and District pursuant to 28 U.S.C. §1409.

7.       This is a core proceeding under 28 U.S.C. §157(b)(2)(A) & (H).

8.       To the extent, if at all, that this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of a final judgment and a rendition of legal conclusion by this Court.

9.       This Amended Complaint is filed pursuant to Bankruptcy Rule 7015.

## FACTS AND LEGAL ARGUMENT

10.     Rusty's mother, Alice G. Schlacke ("***Alice***"), established the Alice Trust on or around June 6, 2019.

11.     Alice passed away on or around January 19, 2020.

12.     Rusty received approximately $10,000 in life insurance and other payable on death benefits (the "***Inherited Funds***") after Alice's death.

13.     Upon information and belief, shortly afterwards, Knoll instructed Rusty to sign over the Inherited Funds to pay for Alice's funeral expenses (the "***Funeral Expenses***").

14.     Upon information and belief, Rusty signed over the Inherited Funds to Knoll (the "*Inherited Funds Transfer*") even though there were sufficient funds in Alice's estate to pay for the Funeral Expenses.

15.     The Debtors did not list the Inherited Funds Transfer on their Bankruptcy Schedules, which the Chapter 7 Trustee's counsel only recently discovered the existence of the Inherited Funds through extensive investigation.

**The Inherited Funds Transfer was a Fraudulent Transfer under the Bankruptcy Code (11 U.S.C. §548(a)(1)(B)) and Iowa's Uniform Voidable Transfer Act (Iowa Code §684).**

16.     A decedent's estate is liable for payment of funeral and burial expenses. *See* Iowa Code §633.425.

17.     Payable on death accounts such as the Inherited Funds are not part of a decedent's estate but become the personal property of a designated beneficiary upon the grantor's death pursuant to contract. *See In re Estate of Myers*, 825 N.W.2d 1, 6–7 (Iowa 2012).

18.     Rusty had no obligation to transfer the Inherited Funds, which were his personal property, to the Defendants to pay for the Funeral Expenses, and he received nothing in exchange for such transfer. *In re Schaffer*, 331 B.R. 401, 418–19 (Bankr. N.D. Iowa) (consideration, such as love and affection, having no utility from a creditor's viewpoint does not satisfy statutory definition of "value").

19.     Accordingly, Rusty did not receive reasonably equivalent value in exchange for the Inherited Funds Transfer. *See* 11. U.S.C. §548(a)(1)(B); Iowa Code §684.4.

20.     Upon information and belief, Rusty was insolvent at the time of the Inherited Funds Transfer or became insolvent as a result of the transfer and could not reasonably believe he could pay his debts when due. *See* 11. U.S.C. §548(a)(1)(B); Iowa Code §684.4. Shortly after the Inherited Funds Transfer, the Debtors filed for bankruptcy, and scheduled $247,156

3

in assets and $273,727 in liabilities. *See* Bankruptcy Petition, Statement of Financial Affairs Summary.

21.     Upon information and belief, there were unsecured predicate creditors at the time of the Inherited Funds Transfer whose aggregate or individual claims could have avoided the entirety of that transfer under Iowa Code §684, which include but are not limited to: Capital One, Citibank, Discover Financial, Ent Credit Union, and GreenState Credit Union. *See* Bankruptcy Petition, Schedule F.

22.     The Inherited Funds Transfer also benefited the Defendants, who are insiders. *See* 11. U.S.C. §548(a)(1)(B).

23.     Accordingly, the Chapter 7 Trustee is entitled to recover the value of the Inherited Funds Transfer from the Defendants by operation of 11 U.S.C. §§550 and 551.

24.     In filing this Complaint, the Chapter 7 Trustee hereby reserves and does not forgo any other claim, right, argument, or action for recovery against the Debtor or any other person or entity, including the Defendants.

WHEREFORE, the Chapter 7 Trustee respectfully prays that this Court, upon such notice and hearing as it may direct, enter judgment against the Defendants pursuant to 11 U.S.C. §§550 and 551 by:

A.  Making the factual finding that Rusty did not receive reasonably equivalent value for the Inherited Funds Transfer;

B.  Making the legal determination that that transfer was fraudulent under 11. U.S.C. §548 and Iowa Code §684;

C.  Ordering Defendants to turnover to the Chapter 7 Trustee the full amount of Inherited Funds that were signed over (approximately $10,000); and

D. Ordering any additional relief that the Court finds just and equitable under the circumstances.

/s/ Stephen Larson
Stephen B. Larson, AT0014154
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
slarson@SPMBLAW.com
ATTORNEY FOR CHAPTER 7 TRUSTEE

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 24th day of September 2020 the foregoing document was (1) electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF, (2) served electronically through the CM/ECF system to the parties below on the left, and (3) mailed via the United States mail with postage fully paid on the 24th day of September 2020 to the parties listed below on the right.

/s/ Emily Winter

Derek Hong
Renee Hanrahan
U.S. Trustee

Peggy Knoll
Trustee for the Alice Gretchen Wacker
Schlacke Irrevocable Trust
PO Box 9037
Prescott, AZ 86313

RHTE Schlacke Pleadings Drafts Amended Adversary Complaint against Peggy Knoll.092420.139p.sbl

5

*Exhibit 1*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 7 |
| | Bankruptcy Case No. |
| RUSTY A. SCHLACKE and | 20-00513 |
| LORI R. SCHLACKE, | |
| Debtors. | ~~Adversary Case No.~~ No. 20-09046 |
| | |
| RENEE HANRAHAN, in her sole capacity as Chapter 7 Trustee, | **AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFER** |
| Plaintiff, | |
| ~~vs~~ vs. | |
| PEGGY KNOLL, in her sole capacity as Trustee of the Alice Gretchen Wacker Schlacke Irrevocable Trust and the ~~Alice Gretchen Wacker Schlacke Irrevocable Trust~~ALICE GRETCHEN WACKER SCHLACKE IRREVOCABLE TRUST, | |
| Defendants. | |

COMES NOW~~,~~ Trustee Renee Hanrahan (the " *Chapter 7 Trustee*") by and through her counsel~~,~~ and~~,~~ in support of this Amended Complaint to Avoid Fraudulent Transfer pursuant to 11 U.S.C. § 548 and § 544 (Iowa Code ~~648~~§684) states as follows:

1.     This Amended Complaint concerns a fraudulent transfer from the Debtor Rusty Schlacke ("*Rusty*") to his sister Peggy Knoll ("*Knoll*") the Trustee of the Alice Gretchen Wacker Schlacke Irrevocable Trust (~~"*Defendants*").~~the "*Alice Trust*") (the Alice Trust and Knoll in her capacity as Trustee, the "*Defendants*"). A redline comparison to the original Complaint is attached hereto as Exhibit A.

~~JURISDICTION~~J URISDICTION,

1

## VENUE & STANDING

2.      The Debtors filed a Chapter 7 bankruptcy petition (the "*Bankruptcy Petition*") with this Court on April 16, 2020.

3.  The ~~Defendant Peggy~~Alice Trust was established under the laws of Iowa. Knoll is a resident of Prescott, Arizona. This court has personal jurisdiction pursuant to ~~Fed. R. Bankr. Proc.~~rule 7004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

4.  This Court has subject matter jurisdiction over this Complaint by operation of 28 U.S.C. §§1334 and 157, 11 U.S.C §§544, 548, 550 and 551 and ~~Fed. R. Bankr. Proc.~~Bankruptcy Rule 7001.

5.  The Chapter 7 Trustee has standing to file this complaint under 11 U.S.C. §550.

6.  ~~b.~~ Venue is proper in this Court and District pursuant to ~~25~~28 U.S.C. §~~l4tJ9~~1409.

7.  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) & (H).

8.  To the extent, if at all, that this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of a ~~final~~final judgment and a rendition of legal conclusion by this Court.

~~FACTS~~
9.  This Amended Complaint is filed pursuant to Bankruptcy Rule 7015.

## F ACTS AND ~~LEGAL~~LEGAL ARGUMENT

10.  ~~9.~~Rusty'~~'~~s mother, Alice G. Schlacke~~,~~ ("*Alice*")~~,~~ established the Alice ~~Gretchen Wacker Schlacke Irrevocable~~ Trust on or around June 6, 2019.

11.  ~~10.~~Alice passed away on or around January 19, 2020.

12.  ~~11.~~Rusty received approximately $10,000 in life insurance and other payable on death benefits (the "*~~inherited F'unds~~Inherited Funds*") after Alice'~~'~~s death.

3

13. ~~12.Shortly~~Upon information and belief, shortly afterwards, ~~the Defendant Peggy~~ Knoll instructed Rusty to sign over the Inherited Funds to ~~her to~~ pay for Alice'~~'~~s funeral expenses (the "~~F'uneral~~**Funeral** Expenses").

14. ~~13.~~Upon information and belief, Rusty signed over the Inherited Funds to ~~the Defendants~~Knoll (the "*Inherited Funds Transfer*") even though there were sufficient funds in Alice's estate to pay for the Funeral Expenses.

15. ~~14.~~The Debtors did not list the Inherited Funds Transfer on their Bankruptcy Schedules~~. The Inherited Funds Transfer was~~, which the Chapter 7 Trustee's counsel only recently discovered the existence of the Inherited Funds through extensive investigation ~~by the Chapter 7 Trustee's counsel~~.

**The Inherited ~~Pnnds~~Funds Transfer was ~~A~~a Fraudulent Transfer under the Bankruptcy Code (11 U.S.C. § 548(a)(1)(B)) and Iowa~~'~~'s Uniform ~~Fraudulent~~Voidable Transfer Act (Iowa Code § 684).**

16. ~~15.Under Iowa law, a~~A decedent'~~'~~s estate is liable for payment of funeral and burial expenses. *See*

Iowa Code § 633.425.

17. ~~16.~~Payable on death accounts such as the Inherited Funds are not part of a decedent's estate, but become the personal property of a designated beneficiary upon the grantor's death pursuant to contract. *See In re Estate ~~ofMyers~~of Myers,* 825 N.W.2d 1, 6—7 (Iowa 2012).

18. ~~17.~~Rusty had no obligation to transfer the Inherited Funds (, which were his personal property), to the Defendants to pay for the Funeral Expenses, and he received nothing in exchange for such transfer.

~~18.Accordingly, Rusty did not receive reasonably equivalent value in exchange for the Inherited Funds Transfer. *See* 11. U.S.C. § 548(a)(1)(B)(i); Iowa Code 684.4; *also*~~ *In re ~~Schaffer~~Schaffer,* 331 B.R. 401, ~~418-19~~418–19 (Bankr. N.D. Iowa) (consideration, such as love and affection, having no utility from a creditor's viewpoint does not satisfy statutory definition of "value").

19. Accordingly, Rusty did not receive reasonably equivalent value in exchange for the Inherited Funds Transfer. *See* 11. U.S.C. §548(a)(1)(B); Iowa Code §684.4.

20. ~~19.~~Upon information and belief, Rusty was insolvent at the time of the Inherited Funds Transfer or became insolvent as a result of the transfer and could not reasonably believe he could pay his debts when due. *See* 11. U.S.C. §548(a)(1)(B~~)(i)(I)~~); Iowa Code §684.4. Shortly after the Inherited Funds Transfer, the Debtors filed for bankruptcy, and scheduled $247,156

in assets and $273,727 in liabilities. *See* Bankruptcy Petition, Statement of Financial Affairs Summary.

21. Upon information and belief, there were unsecured predicate creditors at the

5

time of the Inherited Funds Transfer whose aggregate or individual claims could have avoided the entirety of that transfer under Iowa Code §684, which include but are not limited to: Capital One, Citibank, Discover Financial, Ent Credit Union, and GreenState Credit Union. *See* Bankruptcy Petition, Schedule F.

22.    ~~20.~~The Inherited Funds Transfer also benefited the Defendants, who are insiders. *See* 11. U.S.C. § 548(a)(1)(B)~~(i)(IV)~~.

23.    ~~21.~~Accordingly, the Chapter 7 Trustee is entitled to recover the value of the Inherited Funds Transfer from the Defendants by operation of 11 U.S.C. §§550 and 551.

24.    ~~22.~~In filing this Complaint, the Chapter 7 Trustee hereby reserves and does not forgo any other claim, right, argument, or action for recovery against the Debtor or any other person or entity, including the Defendants.

WHEREFORE, the Chapter 7 Trustee respectfully prays that this Court, upon such notice and hearing as it may direct, enter judgment against the Defendants pursuant to 11 U.S.C. §§550 and 551 by:

- A.   Making the factual finding that Rusty did not receive reasonably equivalent value for the Inherited Funds Transfer;

- B.   Making the legal determination that that transfer was fraudulent under 11. U.S.C. §548 ~~by:~~and Iowa Code §684;

- C.   ~~A.~~Ordering Defendants to turnover to the Chapter 7 Trustee the full amount of Inherited Funds that were signed over ~~to her~~ (approximately $10,000); and

- D.   ~~B.~~Ordering any additional relief that the Court finds just and equitable under the circumstances.

*/S. s/ Stephen Larson*

Stephen B. Larson, AT0014154 SIMMONS
PERRINE MOYER BERGMAN PLC 115 Third Street
SE, Suite 1200 Cedar Rapids, IA 52401 Tel:
319-366-7641; Fax: 319-366-1917
~~slarson~~ larson@SPMBLAW.com
ATTORNEY FOR CHAPTER 7 TRUSTEE

### ~~Certificate~~C ertificate of Service

The undersigned certifies, under penalty of perjury, that on this ~~18~~24th day of September~~,~~ 2020 the foregoing document was (1) electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF ~~and the document was,~~ (2) served electronically through the CM/ECF system to the parties below~~.~~

~~Ask Stephen Lawson~~

~~Derek Hong Renee Hanrahan U.S. Trustee~~

### ~~Certificate of Service~~

~~The undersigned hereby certifies, under penalty of perjury, that the forgoing document was~~ on the left, and (3) mailed via the United States mail with postage fully paid on the ~~18~~24th day of September 2020 to the parties listed below~~:~~ on the right.

/s/ _[signature]_

/s/ _____

Derek Hong
Renee Hanrahan
U.S. Trustee

Peggy Knoll Trustee for the Alice Gretchen Wacker Schlacke Irrevocable Trust PO Box 9037 Prescott, AZ 86313

RHTE Schlacke Pleadings Drafts Amended Adversary Complaint against Peggy Knoll.~~091820.308~~092420.139p.~~sb1~~sbl

Document comparison by Workshare 10.0 on Thursday, September 24, 2020
3:21:32 PM

| Input: | |
|--------|---|
| Document 1 ID | file://Y:\Documents\Schlacke Bankruptcy\Adv Complaint\01 Adversary Complaint.pdf |
| Description | 01 Adversary Complaint |
| Document 2 ID | file://Y:\Documents\Schlacke Bankruptcy\Adv Complaint\Amended\Amended Adversary Complaint.pdf |
| Description | Amended Adversary Complaint |
| Rendering set | Standard |

| Legend: | |
|---------|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|-------------|---|
| | Count |
| Insertions | 94 |
| Deletions | 88 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 186 |